**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3339
_____

KHALID ELAROUSSI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A077-028-718)
Immigration Judge:  Honorable Henry S. Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 5, 2010

Before:  AMBRO, CHAGARES and ALDISERT, Circuit Judges

(Opinion filed May 21, 2010)
_____

OPINION
_____

PER CURIAM

Khalid Elaroussi petitions for review of a decision of the Board of Immigration

Appeals (BIA).  For the reasons below, we will deny the petition for review.

Elaroussi, a citizen of Morocco, entered the United States in 1991 as a visitor.  In

2002, he was charged as removable for overstaying his admission period. The government later added a charge that Elaroussi was removable for committing marriage fraud. After a hearing, an Immigration Judge (IJ) sustained both charges and denied Elaroussi's requests for cancellation of removal and voluntary departure on the ground that he lacked good moral character. On appeal, the BIA agreed with the IJ and dismissed the appeal. Elaroussi filed a timely petition for review.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's factual determinations under the substantial evidence standard. Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003) (en banc). The BIA's findings are considered conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We exercise de novo review over the BIA's legal decisions. Toussaint v. Att'y General, 455 F.3d 409, 413 (3d Cir. 2006).

Elaroussi argues that the findings that he had provided false testimony and committed marriage fraud are not supported by substantial evidence because he explained the inaccuracies in the documentary evidence. Elaroussi acknowledges that the government presented evidence which would constitute clear and convincing evidence of marriage fraud if not rebutted. The government submitted a letter from Elaroussi's ex-wife who stated that she entered into a sham marriage to help Elaroussi obtain immigration benefits. It also submitted a letter from Fleet Bank which indicated that Elaroussi and his ex-wife opened an account in June 1995 as well as a lease agreement signed by Elaroussi and his ex-wife dated October 1996. These two documents

2

contradicted his testimony that he met his wife in 1997.

Elaroussi argues that he rebutted the above evidence with his testimony that the bank letter must be incorrect. He also points to a statement from his ex-wife asserting that the landlord added Elaroussi to her existing two-year lease and that they had a bank account at Fleet Bank before they were married. The ex-wife's statement was not considered by the BIA because it had not been submitted to the IJ. Elaroussi's testimony that the bank letter was incorrect does not compel a reversal of the finding that he committed marriage fraud and gave false testimony.

Elaroussi challenges the denial of his application for cancellation of removal. He argues that his explanations of inaccuracies in the government's evidence did not justify a finding of perjury. He also contends that the determination that he gave false testimony is not sufficient to justify a finding that he lacked good moral character because the testimony was given to explain inaccuracies in the government's evidence. We have jurisdiction to review constitutional claims and questions of law but not factual or discretionary determinations related to the determination that Elaroussi lacked good moral character. 8 U.S.C. § 1252(a)(2)(B)(i) & (a)(2)(D); see Mendez-Moranchel v. Ashcroft, 338 F.3d 176 (3d Cir. 2003). To the extent that Elaroussi is raising a legal argument that his testimony could not be considered false because it was made in rebuttal, we reject this argument. Moreover, we note that pursuant to 8 U.S.C. § 1101(f)(6), an alien cannot be considered a person of good moral character if he gives false testimony for the purpose of obtaining immigration benefits.

Elaroussi also contends that the marriage fraud does not render him ineligible for cancellation of removal because the fraud occurred more than ten years ago. However, the IJ specifically found that the lack of good character continued until the day of the hearing when Elaroussi lied about when he met his wife, when they moved in together, and whether the marriage was bona fide. A.R. at 4, 111-12. Moreover the IJ noted that the marriage fraud continued until March 31, 1999, within ten years of the April 2008 hearing, when Elaroussi and his then wife were interviewed by the INS. A.R. at 111. The BIA agreed that the marriage fraud and the "plainly incredible testimony provided under oath" warranted a determination that Elaroussi lacked good moral character during the ten-year period at issue. A.R. at 4.

For the above reasons, we will deny the petition for review.